OFFICE OF DISCIPLINARY COUNSEL *v.* HARDESTY.

[Cite as *Disciplinary Counsel v. Hardesty* (1997), 80 Ohio St.3d 444.]

(No. 97–1301—Submitted August 26, 1997—Decided December 31, 1997.)

446

*Jonathan E. Coughlan,* Disciplinary Counsel, and *Harald F. Craig III,* Assistant Disciplinary Counsel, for relator.

*Michael J. Bender, Jr.,* for respondent.

***Per Curiam.***  We adopt the findings of the board.  Having reviewed the entire record, we find, as did the board, that several of respondent's violations were the result of ready deference to his clients' bidding.  Taking the facts most favorable to respondent, Creighton was reluctant to respond to discovery, Hicks refused to provide the information necessary to complete bankruptcy schedules, and Olson both provided opinions from other counsel that certain legal actions were appropriate and demanded that respondent take them.  Respondent yielded to

these clients' wishes when he should have counseled them with respect to their duties under the law. The board concluded this to be a mitigating factor. We do not reach the same conclusion.

All too often we have observed members of the profession, not only solo practitioners, but also salaried corporate counsel, members of small and large firms, and government attorneys, operating as "hired guns," acting solely at the direction of their employers or clients and neglecting their duty to counsel their clients. Neither the position of an attorney as an employee, nor the pressure to retain a client in a competitive legal environment, can justify an attorney's abdication of the duty of counseling.

One of our ethical considerations, EC–7–8, provides that "[a] lawyer should exert his best efforts to insure that decisions of his client are made only after the client has been informed of relevant considerations. A lawyer ought to initiate this decision-making process if the client does not do so. Advice of a lawyer to his client need not be confined to purely legal considerations. A lawyer should advise his client of the possible effect of each legal alternative. A lawyer should bring to bear upon this decision-making process the fullness of his experience as well as his objective viewpoint. In assisting his client to reach a proper decision, it is often desirable for a lawyer to point out those factors which may lead to a decision that is morally just as well as legally permissible." As we pointed out in *Akron Bar Assn. v. Miller* (1997), 80 Ohio St.3d 6, 9, 684 N.E.2d 288, 291, " '[T]he lawyer's job is not merely to supply whatever means are needed to achieve the client's goals but also to deliberate with the client and on his behalf about these goals.' " We expect this consideration to be taken seriously by every lawyer in this state.

In these matters respondent acted as a "hired gun"; he failed in his duty to counsel. We do not consider that a mitigating circumstance.

With respect to the Mooney matter, we disagree with the conclusion of the board that respondent violated DR 1–102(A)(4) and (5), and 7–102(A)(2) and (7) to the extent that those violations are based upon the bankruptcy court's dismissal of the Mooneys' Chapter 7 case for substantial abuse under Section 707(b), Title 11, U.S.Code. A Chapter 7 bankruptcy case may be dismissed for substantial abuse, as was the Mooneys' case, because the court finds that the debtors are able to pay some of their creditors under Chapter 13. The bankruptcy judge noted that it was not surprising that the Mooneys and the United States Trustee differed on whether the debtors could pay their creditors in a Chapter 13 plan. The bankruptcy judge then gave the Mooneys the option of converting the case to a Chapter 13 bankruptcy as an alternative to dismissal.

A lawyer is obliged to represent his client zealously within the framework of the law. Filing a Chapter 7 action which is later dismissed for "substantial

abuse" because a bankruptcy court finds that the debtor has the ability to make payments under Chapter 13 does not necessarily constitute a disciplinary violation by the attorney. In this particular instance, we conclude that no violation occurred.

However, in all other respects we adopt the conclusions of the board.

Respondent is hereby suspended from the practice of law for two years, with the second year of the suspension stayed. For that second year, respondent will be on probation and will be monitored by an attorney chosen by and reporting to relator. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.